IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Leena Shah                           Case No.
9432 Old Plank Lane
Brighton, Michigan 48114,

    Plaintiff,                    COMPLAINT; JURY DEMAND
                                     ENDORSED HEREON
   vs.

The University of Toledo
2801 W. Bancroft
Toledo, Ohio 43606-3390

and

Christopher J. Cooper
The University of Toledo
College of Medicine and Life Sciences
213 Mulford Library
3000 Arlington Avenue
Toledo, Ohio 43614

and

Deepa Mukundan
The University of Toledo
College of Medicine and Life Sciences
111 Mulford Library
3000 Arlington Avenue
Toledo, Ohio 43614

and

Randall G. Worth
The University of Toledo
College of Medicine and Life Sciences
109 Mulford Library
3000 Arlington Avenue
Toledo, Ohio 43614,

      Defendants.

## COUNT I
## TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §§ 2000d ET SEQ.

1. The plaintiff, Leena Shah ("Shah"), brings Count I of this action pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d et seq., to address injury done to her by the defendant University of Toledo's ("UT") discriminatory treatment on the basis of her race and national origin.

2. Title VI prohibits recipients of federal financial assistance from engaging in discrimination based on race, color, or national origin in educational programs or activities.

3. Shah is a citizen of the United States, residing in Brighton, Michigan. Shah is of Kashmiri descent.

4. UT is located in Toledo, Ohio.

5. UT is a recipient of federal financial assistance.

6. Shah was a student at UT in its College of Medicine and Life Sciences M.D. program from July 31, 2016 through November 5, 2019.

7. During her time as a student in the UT M.D. program, Shah successfully completed the preclinical curriculum with the exception of not taking the USMLE (United States Medical Licensing Examination) Step 1.

8. One of Shah's advisors while a student in the UT M.D. program was Randall G. Worth ("Worth"), Ph.D., Associate Dean for Student Affairs and Admissions. Worth is white Caucasian American. Worth is not of Kashmiri descent.

9. Another of Shah's advisors while a student in the UT M.D. program was Deepa Mukundan ("Mukundan"), M.D., Assistant Dean of Academic Affairs. Mukundan is of Indian descent. Mukundan is not of Kashmiri descent.

10. Shah had monthly meetings with Mukundan between July 2018 and January 2019. These meetings were arranged by the UT Office of Student Affairs (OSA). These meetings typically lasted 15-25 minutes. Mukundan did not offer any structure or plan of action at any of the meetings for Shah to follow and neither did Mukundan set forth any progress milestones to gauge Shah's readiness for the USMLE Step 1. The meetings were mostly one-sided, meaning Shah would provide the status of her preparation for the USMLE Step 1 and related concerns, including pointing out to Mukundan difficult subject areas/materials relevant to her preparation where Shah needed guidance. At these meetings, Mukundan showed no willingness to offer any purposeful advice or constructive feedback about Shah's practice question bank performance. Additionally, Mukundan exhibited a short attention span and often showed lack of interest regarding providing any assistance in helping Shah with the exam preparation. It became obvious to Shah in the follow-up meetings that there was lack of willingness and reluctance on Mukundan's part to even attend these meetings with Shah. The little feedback offered by Mukundan to Shah at the meetings was almost entirely negative and focused on Shah as a person, asserting that Shah had character traits such as being argumentative and anxious, rather than focusing on some of the difficult subject areas of the exam. Shah repeatedly brought to Mukundan's attention at the meetings that she needed guidance from Mukundan to

3

improve her level of preparation for the exam. Yet Mukundan's negative feedback continued instead of responding to Shah's concerns with sincerity about exam materials or giving Shah sincere guidance. Mukundan was dismissive of Shah's concerns, abrasive at times, losing patience while talking to Shah, and often attempting to trivialize the concerns that Shah had about some of the preparation materials. Shah needed guidance from Mukundan foremost as a teacher. This did not happen. The only thing that Shah understood from their meetings and that appeared immensely important to Mukundan was Mukundan aggressively demanding of Shah to schedule the exam, regardless of Shah's readiness to take the exam and the costs Shah would incur to continue to register blindly for the exam. Shah tried to explain to Mukundan at almost every meeting that she was not yet ready to take the exam because her performance on the practice exams was not adequate. At her last meeting with Shah, Mukundan suggested to Shah that she (Shah) meet with Worth. Mukundan falsely told Shah that Shah needed a passing score on the USMLE Step 1 before starting a clerkship. Following her last meeting with Mukundan, OSA informed Shah that Mukundan had cancelled any further meetings with Shah and that Mukundan would contact Shah if more meetings were needed. Mukundan never contacted Shah to schedule further meetings.

11. Shah went on a leave of absence beginning August 17, 2018 for the purpose of preparation for the USMLE Step 1.

12. Pursuant to UT's M.D. program policy titled, "Medical student, grading, academic promotion, re-examination, remediation, dismissal, due process, & appeals,"

> A Student who does not take or pass Step 1 and makes a decision, with proper approval and advisement from the Office of Student Affairs, to delay the start of clinical clerkships, must work with the Office of Student Affairs and Department of Medical Education to develop a program of accountability and progress towards Step 1 preparation. A plan of action must include a planned timeline for completion of

>Step 1 and milestone markers for continued follow-up (return and report) to gauge readiness and assess if further intervention is required to provide meaningful academic support and positive progress.

UT, including Shah's advisors, Worth and Mukundan, failed to work with Shah in implementing this policy.

13. Shah's leave of absence which began on August 17, 2018 was initially approved for the period August 17, 2018 through April 15, 2019.

14. Shah requested an extension of her leave of absence effective beginning April 15, 2019 so that she could have additional time to prepare for the USMLE Step 1.

15. Shah's extended leave of absence which began on April 15, 2019 was approved for the period April 15, 2019 through August 17, 2019, with an anticipated USMLE Step 1 test date of on or before June 10, 2019. The anticipated USMLE Step 1 test date was later moved to July 31, 2019.

16. In May 2019 Worth informed Shah that if she did not take the USMLE Step 1 by June 7, 2019, her graduation would be delayed. In his email to Shah dated May 1, 2019, Worth stated the following: "As I stated earlier, as long as you take Step 1 by June 7, you can begin clerkship on June 10. If you wait any longer, you should simply take a year off because you won't be able to graduate on time." A copy of the email is attached to this Complaint as Exhibit A and incorporated herein.

17. On June 10, 2019, Shah requested an additional extension of her leave of absence from August 17, 2019 through April 13, 2020 so that she could have additional time to prepare for the USMLE Step 1 as well as doing research. UT neither granted nor denied Shah's request.

18. Shah was involuntarily dismissed from the UT M.D. program on September 30, 2019. The dismissal decision was formally communicated to Shah by Worth.

5

19. Regarding dismissal of a student enrolled in the UT M.D. program, UT has a policy that allows for due process prior to a dismissal decision being made. The policy includes the opportunity for the student to be heard by the Student Promotions Committee and/or the Medical Student Conduct And Ethics Committee. Shah was denied the opportunity to be heard by the Student Promotions Committee and/or the Medical Student Conduct And Ethics Committee prior to being dismissed from the UT M.D. program.

20. Worth, as of September 24, 2019, planned to refer Shah's case, i.e., whether she should be dismissed, to the Student Promotions Committee. However, either on September 24 or 25, 2019, Worth made the decision not to refer Shah's case to the Student Promotions Committee. See Exhibits B and C, copies of which are attached to this Complaint and incorporated herein.

21. Dismissal from the UT M.D. program is a more serious sanction than withdrawal from the program. This is because in a withdrawal situation, unlike dismissal, the student is eligible for readmission to UT's M.D. program or admission to another school's medical school program. UT has a policy that allows for withdrawal from the M.D. program in a situation where a leave of absence is not continued. Shah was denied the benefit of this policy. A student who is white Caucasian American, who was on a leave of absence preparing for the USMLE Step 1 exam, was availed the process of withdrawal in lieu of being dismissed for failure to pass the USMLE Step 1. This student is not of Kashmiri descent.

22. Shah timely submitted an internal appeal of her dismissal on October 13, 2019. The dismissal was upheld by Christopher J. Cooper ("Cooper"), M.D., Dean of the College of Medicine and Life Sciences and Executive Vice President for Clinical Affairs, on November 5, 2019. Cooper is white Caucasian American. Cooper is not of Kashmiri descent.

23. Prior to upholding Shah's dismissal, Cooper informed Shah that she (Shah) would be contacted by a committee of faculty empaneled to hear her appeal. The committee did not contact Shah.

24. On November 1, 2019, Shah received an email communication from Cooper's office which stated that Cooper would like to meet with her and Worth to consider his decision. Shah contacted Cooper's office requesting Worth not meet with them.

25. Cooper met with Shah on November 5, 2019, prior to upholding her dismissal. At this meeting Cooper acknowledged that he had spoken with Mukundan regarding Shah, and that Mukundan had told Cooper that Shah was not making progress in her preparation for the USMLE Step 1 exam.

26. In 2015 Cooper conditionally reinstated a white Caucasian American student previously dismissed for failing to pass the USMLE Step 1 within 1 calendar year. The student conditionally reinstated ultimately did not take the USMLE Step 1 by the deadline on which the student's reinstatement was conditioned; however, the student's dismissal was changed to a withdrawal so that the student could leave UT's M.D. program with a withdrawal instead of the more damaging sanction of dismissal. This student is not of Kashmiri descent.

27. Shah's dismissal from UT's M.D. program, as well as the other actions and inactions of UT, by its officials, as set out in this Complaint, occurred, at least in material part, due to Shah's race and national origin.

28. UT, through its officials, engaged in intentional discrimination.

29. As a result of UT's discriminatory conduct toward Shah, she has been unable to continue and complete her medical school education.

30. As a result of UT's discriminatory conduct toward Shah, she suffered and continues to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and harm to her reputation.

31. As a result of UT's discriminatory conduct toward Shah, she will suffer lost income opportunities, which includes future lost earnings and benefits.

COUNT II
PROCEDURAL DUE PROCESS
42 U.S.C. § 1983

32. The allegations set forth in paragraphs 1 through 31 of the Complaint are incorporated herein by reference.

33. Shah brings Count II of this action pursuant to 42 U.S.C. § 1983, regarding violation of the Due Process Clause of the United States Constitution. It involves deprivation of Shah's procedural due process rights.

34. Cooper, Mukundan, and Worth are being sued in both their official and individual capacities.

35. Shah had and still has a protected property interest in continuing as a student in UT's M.D. program.

36. During all relevant times UT, Cooper, Mukundan, and Worth acted under color and pretense of law, to wit: under color of the statutes, regulations, policies, customs, and usages of the State of Ohio and more specifically The University of Toledo.

37. An example of denial of Shah's procedural due process rights is that Defendants acted arbitrarily and capriciously in dismissing Shah, or participating in the dismissal of Shah, from the

UT M.D. program without a hearing before the Student Promotions Committee and/or the Medical Student Conduct And Ethics Committee.

WHEREFORE,

As to Count I, plaintiff Leena Shah prays for judgment against defendant The University of Toledo as follows:

A. For equitable and injunctive relief to include reinstatement to UT's M.D. program without penalty so that she can continue and complete her medical school education;

B. Removal and expungement by UT of the academic dismissal and related documents from all its records and files;

C. The value of lost employment benefits including future earnings/benefits and front pay;

D. Reimbursement of tuition and other related expenses covering the entire period of her enrollment in UT's M.D. program as well as payment of her expenses regarding future enrollment into medical school;

E. Compensatory damages in an amount to be determined at trial;

F. Reasonable attorney's fees;

G. Prejudgment interest, post-judgment interest, costs, and expenses; and

H. Such other and further relief as this Court deems just.

As to Count II, plaintiff Leena Shah prays for judgment against defendants UT, Cooper, Mukundan, and Worth (unless otherwise noted), jointly and severally, as follows:

A. For equitable and injunctive relief to include reinstatement to UT's M.D. program without penalty so that she can continue and complete her medical school education;

B. Removal and expungement of the academic dismissal and related documents from all of Defendants' records and files;

C. The value of lost employment benefits including future earnings/benefits and front pay;

D. Reimbursement of tuition and other related expenses covering the entire period of her enrollment in UT's M.D. program as well as payment of her expenses regarding future enrollment into medical school;

E. Compensatory damages in an amount to be determined at trial;

F. (against Cooper, Mukundan, and Worth only) Punitive damages in an amount to be determined at trial;

G. Reasonable attorney's fees;

H. Prejudgment interest, post-judgment interest, costs, and expenses; and

I. Such other and further relief as this Court deems just.

Respectfully submitted,

*/s/ Richard M. Kerger*
Richard M. Kerger (0015864)
The Kerger Law Firm, LLC
4159 N. Holland-Sylvania Road
Toledo, Ohio 43623-4800
Telephone: 419-255-5990
Fax: 419-255-5997
E-mail: rkerger@kergerlaw.com

*/s/ Thomas A. Sobecki*
Thomas A. Sobecki (0005210)
405 Madison Avenue, Suite 910
Toledo, Ohio 43604
Telephone: 419-242-9908
Fax:419-242-9937
E-mail: tsobecki@tomsobecki.com

Attorneys for Plaintiff
   Leena Shah

## JURY DEMAND

Plaintiff Leena Shah demands a trial by jury on both counts.

*/s/ Richard M. Kerger*
Richard M. Kerger

*/s/ Thomas A. Sobecki*
Thomas A. Sobecki

Attorneys for Plaintiff
   Leena Shah