IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LEENA SHAH,**                                                CASE NO. 3:21 CV 581

    Plaintiff,

    v.                                                   JUDGE JAMES R. KNEPP II

**UNIVERSITY OF TOLEDO, et al.,**

    Defendants.                               **ORDER**

Currently pending before the Court is Plaintiff Leena Shah's Motion to Appeal *In Forma Pauperis*. (Doc. 15). She seeks to appeal this Court's Memorandum Opinion and Order granting Defendants' Motion to Dismiss (Doc. 12). *See* Doc. 14 (Notice of Appeal). For the reasons stated below, Plaintiff's Motion is denied.

Federal Rule of Appellate Procedure 24 provides that a party "who desires to appeal in forma pauperis must file a motion in the district court". Fed. R. App. P. 24(a)(1). The rule requires the party to attach an affidavit that:

    (A)    shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

    (B)    claims an entitlement to redress; and

    (C)    states the issues that the party intends to present on appeal.

*Id.* The Court must evaluate not only the party's pauper status but also the merits of the appeal. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) (observing that "[a]fter this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal"). Further, "district courts [should] make a certification under [28 U.S.C.] § 1915(a)(3) for all cases filed by . . . non-prisoners seeking leave to proceed in

forma pauperis on appeal." *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also* 28 U.S.C. § 1915(a)(3) (an appeal may not be taken *in forma pauperis* if trial court certifies in writing that it is not taken in good faith).

Thus, an individual seeking to appeal in forma pauperis must, *inter alia*, submit a statement of good faith issues to be appealed. Fed. R. App. P. 24(a)(1)(C). This statement enables the court to determine whether the appeal would be frivolous, or not taken in good faith. *See Powell v. Alcoa High School*, 2010 WL 3087387, at *2 (E.D. Tenn.) (to demonstrate the appeal is taken in good faith, "appellant must show that the appeal presents a substantial question that is not frivolous."); *see also Howard v. Huntington Nat'l Bank*, 2010 WL 4642913, at *3 (S.D. Ohio) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion."); *see also Scott v. Patrick*, 2007 WL 426519, at *1 (W.D. Mich.) ("Section 1915(a)(1) requires an affidavit by plaintiff identifying the 'nature' of his appeal, including some specificity identifying the basis of the appeal, supporting his belief that he is a person 'entitled to redress.'").

"The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004).

Although Plaintiff filed an "Affidavit of Inability to Pay the Deposit" (Doc. 15), it does not set forth the detail required by Federal Appellate Rule 24(a)(1)(A). *See Flippin*, 107 F. App'x at 521 (failure to supply the required affidavit is a valid basis for denying pauper status). Nor does either Plaintiff's Affidavit or her Notice of Appeal "state[] the issues that [she] intends to present on appeal." Fed. R. App. P. 24(a)(1)(C). *See* Doc. 14 (Notice of Appeal); Doc. 15

(Affidavit). Failure to supply the required affidavit including such information is "fatal to a Rule 24(a) motion". *Howard*, 2010 WL 4642913, at *3.

Plaintiff has not identified what she seeks to redress, including the identification of any law, fact, or specific finding by the Court which might provide a basis for an appeal. Further, on review, the Court CERTIFIES an appeal of its Memorandum Opinion and Order could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Pursuant to Federal Appellate Rule 24, Plaintiff therefore must pay the appellate filing fee, or – within 30 days of service of this Order – make any further request to proceed *in forma pauperis* to the Sixth Circuit Court of Appeals with a conforming affidavit. *See* Fed. R. App. P. 24(a)(4)-(5).

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 15), be and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
